UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VALENCIA GARNER,

    Plaintiff,

v.                                        Case No: 6:16-cv-1907-Orl-40TBS

U.S. ATTORNEY, CENTRAL
INTELLIGENCE AGENCY, FEDERAL
BUREAU OF INVESTIGATION,
FEDERAL POLICE,
GREYHOUND/FEDERAL TRANSIT,
CITY OF ORLANDO POLICE, ORANGE
COUNTY SHERIFF DEPARTMENT and
WESTGATE LAKE RESORT,

    Defendants.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion for Leave to Proceed In Forma Pauperis. (Doc 2). Upon due consideration, I respectfully recommend that the motion be **denied** and that this case be **dismissed**.

### I. Background

On October 31, 2016, Plaintiff filed her complaint which contains a litany of incoherent allegations apparently stemming from a bus trip to Orlando in order to visit the Premier Beauty Hair Show (Doc. 1). This action comes after a district judge in the Tampa division of the court dismissed a previously filed lawsuit in which Plaintiff made unintelligible allegations, including allegations which appear to arise out of the same trip/events alleged here (Case No. 8:16-cv-2158, Doc. 1, pp. 8-10; Docs. 4 and 5). In that case, the magistrate found the complaint to be procedurally and substantively deficient, with no connection to Tampa. Judge Whittemore agreed and dismissed that complaint

without prejudice, noting: "Should Plaintiff intend to file an amended complaint, she should do so in the Orlando division of this court, or in the Northern District of Georgia." (Case No. 8:16-cv-2158, Doc. 5 at 2). In this case, Plaintiff has filed a similarly confusing complaint and the district judge has referred the case for a report and recommendation on Plaintiff's *in forma pauperis* motion.

## II.  Discussion

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or ... "seeks monetary relief against a defendant who is immune from such relief." Id. § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the lawsuit *sua sponte*. See id.

The United States Supreme Court has observed that "a litigant whose filing fees and court costs are assumed by the public ... lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324 (1989). Still, the Supreme Court cautions that a case should only be dismissed as frivolous if it relies on meritless legal theories or facts that are clearly baseless. See id. at 327. A complaint should not be dismissed for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Federal Sav. Bank, 171 F.3d 794, 795 (2nd Cir. 1999) (per curiam) (citation and internal quotation marks omitted); see also Troville v. Venz, 303 F.3d 1256, 1260 & n.5 (11th Cir. 2002) (per curiam).

As Plaintiff should know from her earlier unsuccessful actions in this Court,[1] to determine if a plaintiff should be permitted to proceed *in forma pauperis*, a district court must determine "whether there is 'a factual and legal basis ... for the asserted wrong, however inartfully pleaded.'" Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991), cert. denied, 503 U.S. 921 (1992) (quoting Watson v. Ault, 525 F.2d 886, 892 (5th Cir. 1976)). Critical to this analysis is a showing that the claim is within the limited jurisdiction of this federal court. See Cogdell v. Wyeth, 366 F.3d 1245, 1247-48 (11th Cir. 2004).

Plaintiff has failed to state any cognizable cause of action upon which relief can be based. FED. R. CIV. P. 8(a).[2] Plaintiff has also failed to allege her claim – whatever it is– in a legible manner with numbered paragraphs, incorporating by reference other parts of the pleading for clarity. FED. R. CIV. P. 10.[3]

Although district courts apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, even *pro se* litigants must allege the essential elements of their claims for relief. See Eidson v. Arenas, 910 F. Supp. 609, 612 (M.D. Fla. 1995) (citations omitted). Construed liberally, Plaintiff's complaint fails to set forth any claim within the limited jurisdiction of this court.

### III. Recommendation

Plaintiff has now had two opportunities to allege a cause of action (Case No. 8:16-cv-2158, Doc. 1, and the instant complaint) and both attempts have failed. At this stage, I am not persuaded that allowing Plaintiffs additional leave to amend would be fruitful.

---

[1] See Case No. 6:11-cv-01445-ACC-GJK, Garner v. United States of America, et al. ; Case No. 6:13-cv-00295-ACC-GJK, Garner v. United States of America, et al.; and Case No. 6:13cv1714-RBD-DAB, Garner v. United States of America, et al.

[2] To state a claim, a plaintiff must provide a short and plain statement of the basis of the court's jurisdiction, the plaintiff's entitlement to relief, and a demand for relief.   FED. R. CIV. P. 8(a).

[3] Relevant facts should be segregated to each of the respective claims.   See Beckwith v. Bellsouth Telecoms, Inc., 146 F. App'x. 368, 372 (11th Cir. 2005).

Accordingly, I respectfully recommend that the district judge **DENY** the pending motion to proceed *in forma pauperis* (Doc. 2) and **DISMISS** this case without further leave to amend.

### IV. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on November 2, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Any Unrepresented Parties